Good morning. May it please the Court, I'm James Laughlin, and I represent the appellant Luis Torres. With the Court's permission, I'd like to reserve two minutes of my time for rebuttal. Keep your eye on the clock. We'll try to help. I will do that. Thank you. This case presents one set of issues pertaining to Mr. Torres' suppression motion and another set of issues pertaining to his 15-year mandatory minimum sentence. I don't think I can adequately delve into both sets of issues with the time I have this morning, so although I think the suppression issues are very strong and should result in reversal, I'd like to go to the sentencing issues. Unless, of course, the Court would prefer that I deal with the suppression issues instead. We'll proceed however you think best. Okay. Great. Thank you. Before Mr. Torres was charged federally, he fully served a 51-month state sentence for the same offense conduct. Because a person shouldn't be punished twice for the same offense, the guidelines recognize that a defendant like Mr. Torres should get full credit for that state time against his federal sentence. In the majority of cases where there's no mandatory minimum, this is very simple. Whether or not the sentence has been not yet imposed, fully served, or only partially served. Counsel, didn't the judge specifically reference the fact that he had considered the 3553A factors, that he thought that this was, in quotes, an appropriate sentence, in quotes? Having done those two things, how did he get any traction on that? I'm not sure how. I think your question is asking whether this is harmless. Well, that's certainly one aspect of it. Right. I think that the answer is, as I laid out in the reply brief, the circumstances indicate that the Court probably would have granted a lower sentence if it had appreciated sentencing discretion. And certainly the record doesn't meet the government's burden to show that it didn't. And here's why. There's two things. One, I mentioned the brief, and there's another thing as well. The first thing is, in a pretrial hearing at page 157 of the record, the district court started off by questioning the government why it was even bringing this case if the California had already imposed a sentence it thought was appropriate. So it already started the case wondering why they were even having this case. But when you get to sentencing, it was actually split up into two parts. The court spent the first hearing delving into this issue, the dispute among the parties, whether he can grant this credit. And he says, you know, I really want to take the night and read these cases before I decide what to do. Comes back the next morning and says, I read the cases and I think the government is right, I can't grant the credit. The court would not have gone through all that if it was going to impose a 15-year sentence anyway, regardless of the credit. So I think, given those circumstances, the government can't meet its high burden to show harmlessness, that there's not a chance that the district court would have imposed even a slightly lower sentence, one month lower, if it had known what a sentencing discretion was.  But why did the judge say that he, in quotes, I happen to think that this is the appropriate sentence, in quote. And that's at ER 39 through 40. That's true. But that's a separate issue, Your Honor, because we all agree that 15 years is the appropriate sentence. The question is whether he gets credit towards that sentence. I understand that. I thought the statement was made after he had done the research and then considered the proposal to give credit. Am I mistaken on that? You're not. Well, I would say two things in response to that. One, he made that statement, but he didn't separately say, and I'm already taking into account all the State time. Does he have to? Well, I think if he had, the government would have a case about harmless error. But it didn't. And I think that here's where the disconnect comes. All the Court said was, I think that under the circumstances, a 15-year sentence is the appropriate sentence for this conduct. It then becomes a question about how Mr. Torres has to serve that 15 years. Our position is, he's already served almost five years of it. He shouldn't have to serve another ten. What the Court – this record reflects that the Court never really got into that because it bought the government's argument that it didn't have the discretion to do anything but impose the 15-year mandatory minimum. So I think that it's not inconsistent to say 15 years is the appropriate sentence for this conduct. But knowing I have discretion, I think you've already served part of that time in State court, so I'm going to deduct that time and then impose a 129-month sentence so you've served the remainder of that 15 years in federal court. And that's the heart of the issue here. Did the Court have that discretion? And I think that he did because the main restraint on the district court's discretion was the mandatory minimum, Section 2251E, that says that for the crimes alleged in Counts 1 and 2, Mr. Torres shall serve not less than 15 years in prison. And I think that our position is that by imposing a 15-year sentence but then acknowledging that he's already served part of that sentence in State court for the same conduct does not, as the government claims, evade the mandatory minimum. It acknowledges the minimum while acknowledging that he's already served part of the sentence. Do you have any case that says that you're correct? Well, I've cited a couple of cases. Other aren't really all that helpful, are they? Well, I believe they are. First of all, there's Brito, which I think is the Court's recent case. It doesn't deal with the mandatory minimum, but it deals with a very similar scenario of a 3582 motion where the Court has similarly Forgive me. What I'm asking is do you have any case that's on all fours here with this issue? No. No, certainly not a Ninth Circuit case. I would say that there's some Seventh Circuit cases, Ross in particular cited in the reply brief, where they acknowledge this concept that distinguishing between an adjustment and a credit or saying that you can't give credit for time already served for the same conduct in state custody is an exalting form over substance and that basically endorsing what I'm asking the Court to do here, which is to say I'm imposing the mandatory minimum, but I'm not initially recognizing you've already served part of it. Would that apply in any setting? I mean, we have this particular factual setting, but is it your position that if there is a minimum sentence that's required by a federal statute or sentencing guideline and someone is charged in a state crime that involves the same facts, whatever that sentence is that the federal sentence has to give credit as far as service is concerned for any time spent in the state institution? Is that your position? Our position is only that the Court has the discretion to do that. I will say that in some other future case the Court may have, there may be a question of whether it's mandatory. For example, if the Court imposes a federal sentence that's at or near the maximum such that the federal sentence and the state sentence for the same conduct then combine to be more than the federal sentence, that might be a problem the Court might have to address one day, but we're not even close to that. So you want us to send this back so that he can exercise his discretion to decide whether or not he's going to impose the mandatory minimum or give some credit? Is that essentially what you're arguing? Correct. And you don't think that his statements that this is the appropriate sentence in the mandatory minimum is what should be imposed makes that irrelevant? No, I don't. Because I think that that's a separate question. He said 15 years is the appropriate sentence for this conduct. It's a separate question for him to decide whether or not I then want to say acknowledge that you've already said that. He said it's my obligation and I happen to think it's the appropriate sentence. Right. But that is a separate question. That's saying what the appropriate sentence is for the offense conduct. Because he had already by that time bought the government's argument that it had no discretion on the credit issue. Oh, I see, sir. He never said that it's like, okay, now let me decide how I think you should serve this sentence. Okay. You want to save the balance of your time? Yes, thank you very much. Okay. We'll hear from the government. Good morning. Good morning, Your Honors. You may please the Court. Michael Chen for the United States. The photographs found on the defendant's cell phone should not be suppressed because he consented to the search palatably and the district court's finding of voluntariness wasn't clearly erroneous. Unless the court has further questions on the suppression issue, I'm happy to turn to sentencing. And on that issue, I'd like to get to harmlessness in a moment, but I'd like to start with the defendant's statutory claim, which is the one that he preserves below. And the defendant claims that the district court had the power to take into account his discharge state sentence against the mandatory minimum. The problem is that the defendant can't point to any source of law, any statute, not even a guidelines provision that empowers the district court to grant that sort of credit. And, in fact, not only is there no authority to that effect, but every court of appeals to have decided that claim has squarely rejected it. Let me ask you this, counsel. I want to shift to a slightly different thing before we get back to this, which will occupy the balance of our time. There's been some suggestion that the government agrees with this, so I want to be sure that that's the case. As you know, there was a discrepancy between the oral and the written sentences in this case. Does the government agree that, at the very least, we need to send this back to the district court so the district court can conform the written sentence to what he said orally? We wouldn't object to a limited remand on that basis, Your Honor, but we don't think it's necessary because, in other cases, this court has just corrected those sorts of conditions on its own without sending it back. But we wouldn't object to a limited remand on that basis. To address the defendant's arguments about the statutory argument that the district court has the power to take into account his discharge state sentence, he points to this court's decisions in Drake and Brito, and those cases are different because neither involves this situation, which presents both a discharge state sentence and a mandatory minimum. And for a related reason, Drake and Brito are distinguishable because, in both of those cases, the sentencing court undisputedly had the power to take into account the state sentence. In Drake, that power came from the court's statutory concurrent sentencing power under Section 3584 and Guideline 5G1.3b, neither of which apply in this case because we're dealing with a discharge state sentence. And in Brito, that power came at the initial sentencing from the court's undisputed power under 3553A to take into account the state sentence. That doesn't apply here. Do you agree that there is no case that's on all fours with this case that poses the issue that is before us? Not in the Ninth Circuit, Your Honor, but the Seventh and the Second Circuits have decided cases on all fours with this case. Those are cited in our brief, and they rejected the defendant's claim. I'd also like to briefly address the defendant's constitutional argument, which he raises for the first time on appeal, because there's no statutory power under the existing scheme. And I'd like to explain why that distinction between discharged and undischarged sentences, as interpreted by this Court, has a rational basis. And the one I would emphasize to this Court is that that distinction ensures that every defendant who serves the mandatory minimum for production of child pornography serves a continuous 15-year sentence. And Congress could have reasonably thought that a continuous sentence would best serve the penological purposes of a mandatory minimum, better than a sentence that the offender can serve in bits and pieces with time free in between. I'd like to turn, finally, to the harmlessness. I guess I don't understand, well, it's a rational basis, so the bar is low. But given the durations we're talking about here, if you serve, what was it, five years, something like that, with a state offense, there would be a gap in time and then serve at least another 10 years. That's a pretty powerful punch. How is a consecutive 15 years really that different? Congress could have thought that the gap in between would have made a difference. It might have made a difference in the punitive effect. It might have made a difference in the incapacitative effect, because an offender could go free after, for instance, five years. And it might make a difference in terms of specific deterrence. But, again, as Your Honor's question recognizes, we're under rational basis review, under which this Court is deferential to the legislative judgments and doesn't second-guess whether outcomes are wise or fair, especially in outlier cases. And on the issue of harmlessness, I would remind the Court that the district court took into account arguments by the probation office and the government and the defendant that the defendant was entitled to a departure from the guidelines to take into account a state sentence. Remember, the guideline sentence was over 100 months above the mandatory minimum, and all of the parties involved argued to the district court that there should be a sentence below the guidelines to take into account that state sentence. And presented with those arguments, the district court said that it found 180 months to be the appropriate sentence that took into account all the concerns that it had. And so we think that even if there was a misunderstanding, which we don't think there was for the reasons explained, it wouldn't have made a difference in the sentence, and therefore, we would urge this Court to affirm. Unless there are further questions. Thank you. Thank you. Counsel, you have a little rebuttal time. With regard to the first issue about whether the Court, putting aside the Constitution issue, just has the power to grant custody in this, I would urge the Court to look at United States v. Ross, the Seventh Circuit decision at page 595, where it acknowledges the state statute does not specify in a particular – I'm sorry, the federal statute doesn't specify in a particular way which imprisonment – in which way imprisonment should be achieved. Granting a credit is not a departure from the guideline range. It simply is another way of treating the required term of imprisonment. So that's exactly the kind of idea that I want the Court to apply here and just say that that's all the Court is doing is when it's giving an adjustment or a credit against the mandate. So I assume this is the same Seventh Circuit case that the government's referring to. You're suggesting that it actually buttresses your position. Is that right? I believe the government's referring to Cruz and I'm referring to Ross. Cruz, okay. All right. Okay. But they are not inconsistent with each other. They reference each other. And what do you do about the language in 3584 where you could have a concurrent sentence? And there's logic behind saying these sentences should have run concurrently, but the concurrent power appears to be limited to undischarged terms, and here the state term's been served. Correct, Your Honor. And that's where the cases that I cited that have found a constitutional violation have basically said that's the problem with 3584, that it creates this arbitrary distinction where you have two defendants who did exactly the same thing. They both get five-year state sentences. One is on the day he's federally sentenced to 15 years, he has one day left to serve on that state case. He gets full credit for the five years he spends in state custody. The other guy has just finished serving that one day. He gets zero credit. He has to serve not only the five years he's already served, but another 15. That's a very, very vast difference based on an arbitrary distinction, and that's why courts have found this to be unconstitutional. Other questions by my colleagues? Thanks to both counsel for your argument. The case just argued is submitted.
judges: Schroeder, Clifton, M. Smith